STATE EX REL. RYAN, Respondent, vs. BOARD OF EDUCATION OF CITY OF RACINE and others, Appellants.

*January 11—February 7, 1939.*

*Cornelius M. Colbert* of Racine, for the appellants.

For the respondent there was a brief by *Beck, Smith & Heft* of Racine, and oral argument by *Carroll R. Heft.*

NELSON, J. So many of the facts stated in the petition and stipulation as are necessary to an understanding of this controversy will be summarized. On June 29, 1929, the plaintiff was duly employed as a teacher in the public schools of the city of Racine for the year commencing September 1, 1929, and ending June 30, 1930, and a written contract was entered into. On April 2, 1930, April 2, 1931, and May 5, 1932, she was re-employed for the following school years, under similar contracts. Under date of September 18, 1931, pursuant to law, the plaintiff received an unlimited state teacher's certificate, entitling her to teach in the public schools of this state. For the school year, commencing September 1, 1933, no formal contracts were entered into with the plaintiff or other teachers in the system. On April 12, 1934, the plaintiff was notified in writing of her re-appointment as a teacher but no formal contract was entered into. On May 8, 1935, a written contract was entered into for the year commencing September 1, 1935. That contract contained the following clause:

"*Married women are not eligible for appointment.* Women teachers who intend to marry after the school year has begun should notify the superintendent of schools in writing. Under such circumstances. the appointment is usually terminated by the board at the close of the semester."

On April 8, 1936, a contract similar to the 1935 contract was entered into for the year commencing September, 1936. No formal contracts were given to the teachers in the Racine schools for the year commencing September 1, 1937. However, on August 23, 1937, the plaintiff received a notice of her reassignment to the school in which she had theretofore taught. In February, 1938, the plaintiff informed the superintendent of her intention to marry before the end of the school year. She was informed by the superintendent that it was his opinion that the board might terminate her services as a teacher at the end of the school year if she carried out her intention to marry for the reason that the board had

in the past terminated the employment of several teachers who had married. The new tenure law, sec. 39.40, Stats. 1937, was discussed and the superintendent stated that it was doubtful what legal effect, if any, said new tenure law would have upon teachers who had permanent tenure under the law and who married. On March 12, 1938, the plaintiff married. On May 12, 1938, the superintendent mailed a letter to the plaintiff and informed her of the adoption by the board of the following resolution:

"Whereas, the board of education, as a matter of public policy, has for many years discontinued the service of women teachers when they become married, and

"Whereas, women teachers accept appointment in the Racine schools with full knowledge of the fact that the board of education considers marriage a cause for discontinuance in service.

"Therefore, be it resolved, that the request for continuance in service of Mrs. Mae Freeman Ryan, who was married March 12, 1938, be denied and that she be dropped from the teaching staff at the close of the present school year in accordance with the established policy of the board of education."

On May 21, 1938, the plaintiff duly requested a hearing, which was thereafter given her on June 8, 1938. The board refused to re-employ her.

It thus appears that the plaintiff was continuously employed as a teacher in the Racine schools from September 1, 1929, to the end of the school year in June, 1938; that no complaint, other than that of her marriage, was made against her. Her efficiency as a teacher and her good behavior were in no manner questioned.

This case is clearly ruled by *State ex rel. Schmidtkunz v. Webb, ante,* p. 390, 284 N. W. 6. No useful purpose would be served by repeating here what we said there. In deciding the *Schmidtkunz Case,* we not only considered the briefs submitted in that action but also the briefs submitted in this.

*By the Court.*—Judgment affirmed.